**UNITED STATES of America**

v.

**Robert Eugene WADDELL.**

**No. Cr–87–159–G.**

United States District Court,
M.D. North Carolina,
Greensboro Division.

June 22, 1988.

Robert H. Edmunds, Jr. U.S. Atty., and Ben White, Asst. U.S. Atty., Greensboro, N.C., for plaintiff.

William C. Ingram, Greensboro, N.C., for defendant.

## MEMORANDUM OPINION

ERWIN, District Judge.

This matter is before the court on the Government's motion to allow medical personnel to forcibly administer antipsychotic drugs to defendant Robert Eugene Waddell and to confine him for an additional four months pursuant to 18 U.S.C. §§ 4241(d)(1) and (d)(2)(A) (1988). The court heard oral argument on June 15, 1988, and the matter is now ready for a ruling. The court now grants the Government permission to forcibly medicate the defendant and orders that he be confined for an additional four months.

### Background

Defendant was indicted for mailing threatening communications in violation of 18 U.S.C. § 876 (1987). On February 22, 1988, the court found Waddell incompetent to stand trial and ordered him confined to the Federal Correction Institute at Butner (FCI) pursuant to 18 U.S.C. § 4241 *et seq.* The Government moves to extend confinement for an additional four months and for permission to administer antipsychotic drugs to Waddell.

■ The United States Court of Appeals for the Fourth Circuit delineated the factors which courts must follow in determining if the Government may forcibly administer antipsychotic drugs to a defendant in *United States of America v. Charters,* 829 F.2d 479 (4th Cir.1987). First, the court must determine whether defendant's federal custodians have the legal authority to detain him. Second, the court must de-cide if defendant is medically incompetent. Finally, the court must apply the substituted judgment test if there is clear and convincing evidence of what defendant would decide if competent. If not, the court must find that forced medication is in the best interest of defendant in order to permit the treatment.

### Discussion

*Confinement*

■ Title 18, United States Code, Section 4241(d) provides for the temporary custody of a defendant judged incompetent to stand trial. This section authorizes the court to order confinement for treatment for a period not to exceed four months. The court may extend the time period under 18 U.S.C. § 4241(d)(2) if the court finds that a substantial probability exists that a defendant will attain the capacity to stand trial within the additional time period.

At the hearing, Dr. Sally Johnson, Director of Forensic and Clinical Services, testified that the drug treatment during the additional time period will improve Waddell's mental condition so that he can stand trial. In addition to Dr. Johnson's testimony, the Government presented two psychiatric reports which discuss Waddell's present mental condition. These reports indicate that a substantial probability exists that he will never be mentally competent to stand trial without further treatment. Therefore, the court finds that there is a substantial probability that defendant will attain the capacity to stand trial within the additional confinement.

*Administration of Antipsychotic Drugs*

In order to permit the Government to forcibly medicate defendant, the court must find him medically incompetent. To determine Waddell's competence, the court should evaluate whether defendant has followed a rational process in deciding to reject antipsychotic medication and whether he can give rational reasons for the choice he has made. *Id.* at 494. Dr. Johnson testified that Waddell suffers from serious mental disorders characterized by delusional and grandiose thinking, and by the presence of a persecution complex. She testi-

fied that his mental condition has deteriorated since he began treatment. He is making more threats and the contents of those threats have become more violent. He has threatened the staff at FCI, federal officials in Washington, and state officials in North Carolina. Because of those threats, the staff placed him in a secluded area, separating him from the general population.

Waddell rejected the medication and thinks his problems are unique since he believes he is Jesus Christ, the Messiah. The staff concluded that because of that belief, he does not perceive his problem as medical. In a Government exhibit dated May 6, 1988, Dr. Johnson stated, "It is also our belief that without a trial of medication treatment there is no likelihood that Mr. Waddell will regain his capacity to stand trial. He continues to demonstrate no insight into the fact that he suffers from a severe mental illness." The defendant offered no evidence at the hearing on the issue of mental competence.

The court concludes from the evidence presented at the hearing that defendant lacks the capacity to rationally decide his choice of treatment. He bases his rejection of the drugs on his belief that he is Jesus, not because of his religious views or the possible side effects of the drug. In dicta, the *Charters* court stated that "it would not be a competent decision based on rational reasons if (defendant) refused medication out of a denial that he suffers from schizophrenia or out of a belief that the drug will have effects that no rational person could believe them to have." *Id.* at 496–97. Similarly, Waddell refuses the medical treatment out of a denial that he suffers from a mental illness. His irrational belief makes him unable to participate in rational decision making processes to accept or to reject the antipsychotic drug treatment. Therefore, the court finds that Waddell is medically incompetent.

Next, the court must apply the substituted judgment test which allows the court to decide what the patient would decide if he were medically competent. *Id.* at 497. The testimony, the record, and the exhibits

present clear and convincing evidence that Waddell would select the antipsychotic drug if he were medically competent. Based upon her clinical experience, Dr. Johnson testified that other individuals with Waddell's illness voluntarily select the drug treatment. If he were medically competent, Waddell would attempt to take every advantage to get well. Furthermore, he stated that if the court ordered the treatment, he would take the medication orally, thus precluding the need for the Government to forcibly inject the medication. The court is satisfied that the Government presented clear and convincing evidence that defendant would elect to have drug treatment if he were medically competent.

In the alternative, it is in the best interest of defendant to have antipsychotic drug treatment. "If without medication a patient will suffer a severe, immediate, and irreversible deterioration, the government's *paren patriae* interest will be more urgent." *Id.* at 499. The evidence is uncontroverted that Waddell's prognosis is poor and that he will probably remain institutionalized for the rest of his life without medication. Furthermore, conventional counseling and therapy have failed to stem the deterioration of his medical condition. The medical personnel recommend the drug treatment as a last resort. Thus, it is in the best interest of Waddell to have drug treatment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the court GRANTS the Government's motion to allow medical personnel to forcibly administer antipsychotic drugs to defendant Robert Eugene Waddell and to confine him for an additional four months pursuant to 18 U.S.C. §§ 4241(d)(1) and (d)(2)(A).